FILED COPY

1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, Esq. (Bar No. 144074)
2  dalekgalipo@yahoo.com
   21800 Burbank Boulevard, Suite 310
3  Woodland Hills, California 91367
   Telephone:   (818) 347-3333
4  Facsimile:    (818) 347-4118

5  Attorney for Plaintiffs

10 OCT 12 PM 2: 50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9  EVA GUTIERREZ; and DIONICIO          Case No. CV 10 7608
   GUTIERREZ,
10                                        COMPLAINT FOR DAMAGES
          Plaintiffs,
11                                        1.  Unreasonable Search and Seizure—
       vs.                                    Detention and Arrest (42 U.S.C. §
12                                            1983)
   COUNTY OF LOS ANGELES; and         2.  Unreasonable Search and Seizure
13 DOES 1-10, inclusive,                      and Due Process—Excessive Force
                                              and Denial of Medical Care (42
14         Defendants.                        U.S.C. § 1983)
                                          3.  Substantive Due Process—(42
15                                            U.S.C. § 1983)
16                                        4.  Municipal Liability for
                                              Unconstitutional Custom, Practice,
17                                            or Policy (42 U.S.C. § 1983)
18                                        5.  False Arrest/False Imprisonment
19                                        6.  Battery
                                          7.  Negligence
20                                        8.  Violation of Bane Act (Cal. Civil
21                                            Code § 51.7)
22
23                                        **DEMAND FOR JURY TRIAL**
24
25            **COMPLAINT FOR DAMAGES**
26      Plaintiffs EVA GUTIERREZ and DIONICIO GUTIERREZ, for their
27 complaint against Defendants COUNTY OF LOS ANGELES, and Does 1-10,
28 inclusive, allege as follows:

1

2                                    **INTRODUCTION**

3           1.      This civil rights action seeks compensatory and punitive damages from

4    Defendants for violating various rights under the United States Constitution and

5    state law in connection with the fatal police shooting of the decedent, Efrain Lara

6    Gutierrez.

7

8                                        **PARTIES**

9           2.      At all relevant times, Efrain Lara Gutierrez ("DECEDENT") was an

10   individual residing in County of Los Angeles, California.

11          3.      Plaintiff EVA GUTIERREZ is an individual residing in the County of

12   Los Angeles, California, and was at all relevant times the natural mother of

13   DECEDENT.  EVA GUTIERREZ sues both in her individual capacity as the

14   mother of DECEDENT and in a representative capacity as a successor-in-interest

15   purusant to California Civil Code § 377.32.

16          4.      Plaintiff  DIONICIO GUTIERREZ is an individual residing in the

17   County of Los Angeles, California, and was at all relevant times the natural father of

18   DECEDENT.  DIONICIO GUTIERREZ sues both in his individual capacity as the

19   father of DECEDENT and in a representative capacity as a successor-in-interest

20   purusant to California Civil Code § 377.32.

21          5.      At all relevant times, Defendant COUNTY OF LOS ANGELES

22   ("COUNTY") is and was a duly organized public entity, form unknown, existing

23   under the laws of the State of California.  At all relevant times, COUNTY was the

24   employer of Defendants DOES 1-2, who were COUNTY Sheriffs' Deputies, DOES

25   3-6, who were COUNTY Sheriffs' Deputies supervisorial deputies, and DOES 7-10,

26   who were managerial, supervisorial, and policymaking employees of the COUNTY

27   Sheriffs' Department.  On information and belief, at all relevant times, DOES 1-10

28

-2-

1    were residents of County of Los Angeles, California. DOES 1-10 are sued in their

2    individual capacity for damages only.

3        6.    At all relevant times, Defendants DOES 1-10 were duly authorized

4    employees and agents of COUNTY, who were acting under color of law within the

5    course and scope of their respective duties as police officers and with the complete

6    authority and ratification of their principal, Defendant COUNTY.

7        7.    At all relevant times, Defendants DOES 1-10 were duly appointed

8    deputies and/or employees or agents of COUNTY, subject to oversight and

9    supervision by COUNTY's elected and non-elected officials.

10       8.    In doing the acts and failing and omitting to act as hereinafter

11   described, Defendants DOES 1-10 were acting on the implied and actual permission

12   and consent of COUNTY.

13       9.    At all times mentioned herein, each and every COUNTY defendant was

14   the agent of each and every other COUNTY defendant and had the legal duty to

15   oversee and supervise the hiring, conduct and employment of each and every

16   COUNTY defendant.

17       10.   The true names of defendants DOES 1 through 10, inclusive, are

18   unknown to Plaintiffs, who therefore sue these defendants by such fictitious names.

19   Plaintiffs will seek leave to amend this complaint to show the true names and

20   capacities of these defendants when they have been ascertained. Each of the

21   fictitious named defendants is responsible in some manner for the conduct and

22   liabilities alleged herein.

23       11.   On March 18, 2010, Plaintiffs filed comprehensive and timely claims

24   for damages with COUNTY pursuant to applicable sections of the California

25   Government Code.

26       12.   On April 13, 2010, COUNTY served a "Notice of Denial" of claim

27   upon Plaintiffs.

28

COMPLAINT FOR DAMAGES

1

## JURISDICTION AND VENUE

2        13.    This civil action is brought for the redress of alleged deprivations of

3   constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the

4   Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction

5   is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

6        14.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because

7   Defendants reside in, and all incidents, events, and occurrences giving rise to this

8   action occurred in, the County of Los Angeles, California.

9

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11       15.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1

12  through 14 of this Complaint with the same force and effect as if fully set forth

13  herein.

14       16.    On or about October 2, 2009, DECEDENT was with a friend in the

15  City of Azusa near the intersection of Renwick Road and Rockvale Avenue.

16       17.    On information and belief, DECEDENT had not committed any crime.

17  DOES 1-2, who were COUNTY Sheriffs' Deputies, had neither reasonable

18  suspicion to detained DECEDENT, nor probable cause to arrest him.

19       18.    Near the intersection of Renwick Road and Rockvale Avenue, in the

20  City of Azusa, DOE 1 discharged a firearm at DECEDENT, striking him several

21  times, causing DECEDENT serious physical injury and eventually killing him.

22       19.    At the time of the shooting, DECEDENT posed no imminent threat of

23  death or serious physical injury to either DOES 1-2 or any other person if he was not

24  immediately apprehended.

25       20.    On information and belief, DOES 1-2 had no information that

26  DECEDENT had committed a felony.

27

28

-4-

# FIRST CLAIM FOR RELIEF

## Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)

### (Against Defendants DOES 1-2)

21.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

22.     Defendants DOES 1-2 caused DECEDENT to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

23.     As a result of the conduct of DOES 1-2, they are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

24.     The DECEDENT was detained without reasonable suspicion and arrested without probable cause.

25.     The conduct of DOES 1-2 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-2.

26.     EVA GUTIERREZ seeks damages under this claim both individually and as successor-in-interest to DECEDENT.

27.     DIONICIO GUTIERREZ seeks damages under this claim both individually and as successor-in-interest to DECEDENT

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure and Due Process—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)

(Against Defendants DOES 1-2)

28.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

29.     DOE 1's unjustified shooting deprived DECEDENT of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30.     The unreasonable use of force by Defendant DOE 1 deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

31.     As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

32.     As a result of the conduct of DOES 1-2, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

33.     Defendants DOES 1-2 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death.

-6-

34.   This use of deadly force was excessive and unreasonable under the circumstances.  Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

35.   The conduct of DOES 1-2 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-2.

36.   EVA GUTIERREZ  brings this claim individually and as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

37.   DIONICIO GUTIERREZ brings this claim individually and as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

## THIRD CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(Against Defendants DOES 1-2)

38.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

39.   EVA GUTIERREZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with her son, DECEDENT.

40.   DIONICIO GUTIERREZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be

-7-

1  free from state actions that deprive him of life, liberty, or property in such a manner
2  as to shock the conscience, including but not limited to, unwarranted state
3  interference in Plaintiffs' familial relationship with his son, DECEDENT.

4    41.    DECEDENT had a cognizable interest under the Due Process Clause of
5  the Fourteenth Amendment of the United States Constitution to be free from state
6  actions that deprive him of his right to life, liberty, or property in such a manner as
7  to shock the conscience.

8    42.    As a result of the excessive force by DOE 1 and failure of DOE 2 to
9  intervene, DECEDENT died. Plaintiffs EVA GUTIERREZ and DIONICIO
10  GUTIERREZ were thereby deprived of their constitutional right and familial
11  relationship with DECEDENT.

12    43.    Does 1-2, acting under color of state law, thus violated the Fourteenth
13  and Amendment rights of EVA GUTIERREZ and DIONICIO GUTIERREZ to be
14  free from unwarranted interference with their familial relationship with
15  DECEDENT.

16    44.    The aforementioned actions of DOES 1-2, along with other
17  undiscovered conduct, shock the conscience, in that they acted with deliberate
18  indifference to the constitutional rights of DECEDENT and Plaintiffs EVA
19  GUTIERREZ and DIONICIO GUTIERREZ, and with purpose to harm unrelated to
20  any legitimate law enforcement objective.

21    45.    Defendants DOES 1-2, acting under color of state law, thus violated the
22  Fourteenth Amendment rights of DECEDENT and Plaintiffs.

23    46.    As a direct and proximate cause of the acts of DOES 1-2, DECEDENT
24  experienced severe pain and suffering and lost his life and earning capacity.
25  Plaintiffs suffered extreme and severe mental anguish and pain and have been
26  injured in mind and body. Plaintiffs have also been deprived of the life-long love,
27  companionship, comfort, support, society, care and sustenance of DECEDENT, and
28

COMPLAINT FOR DAMAGES

1   will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are

2   also claiming funeral and burial expenses and a loss of financial support.

3        47.    The conduct of DOES 1-2 was willful, wanton, malicious, and done

4   with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and

5   therefore warrants the imposition of exemplary and punitive damages as to

6   Defendants DOES 1-2.

7        48.    EVA GUTIERREZ brings this claim individually and as a successor-

8   in-interest to DECEDENT, and seeks both survival and wrongful death damages for

9   the violation of both EVA GUTIERREZ and DECEDENT's rights.

10        49.    DIONICIO GUTIERREZ brings this claim individually and as a

11   successor-in-interest to DECEDENT, and seeks both survival and wrongful death

12   damages for the violation of both EVA GUTIERREZ and DECEDENT's rights.

13

14                    **FOURTH CLAIM FOR RELIEF**

15   **Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

16                  (Against Defendants DOES 3-10 and COUNTY)

17        50.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1

18   through 48 of this Complaint with the same force and effect as if fully set forth

19   herein.

20        51.    On and for some time prior to October 2, 2009 (and continuing to the

21   present date) Defendants DOES 3-10, deprived Plaintiffs and DECEDENT of the

22   rights and liberties secured to then by the Fourth and Fourteenth Amendments to the

23   United States Constitution, in that said defendants and their supervising and

24   managerial employees, agents, and representatives, acting with gross negligence and

25   with reckless and deliberate indifference to the rights and liberties of the public in

26   general, and of Plaintiffs and DECEDENT, and of persons in their class, situation

27   and comparable position in particular, knowingly maintained, enforced and applied

28   an official recognized custom, policy, and practice of:

-9-

(a)   Employing and retaining as sheriff deputies and other personnel, including DOES 1-2, who Defendants DOES 3-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COUNTY Sheriffs' Department policies;

(b)   Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY Sheriffs' Deputies, and other personnel, including DOES 1-2, who Defendants COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c)   By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DOES 1-2, who are Sheriffs' Deputies of COUNTY;

(d)   By failing to discipline COUNTY Sheriff's Deputies conduct, including but not limited to, unlawful detention and excessive force;

(e)   By ratifying the intentional misconduct of Defendants DOES 1-2 who are Sheriffs' Deputies of COUNTY;

(f)   By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of DOES 3-10, were done with a deliberate indifference to individuals' safety and rights; and

COMPLAINT FOR DAMAGES

1            (g)    By failing to properly investigate claims of unlawful detention

2                 and excessive force by COUNTY Sheriffs' Deputies.

3      52.    By reason of the aforementioned policies and practices of Defendants

4 DOES 3-10, DECEDENT was severely injured and subjected to pain and suffering

5 and lost his life.

6      53.    Defendants DOES 3-10, together with various other officials, whether

7 named or unnamed, had either actual or constructive knowledge of the deficient

8 policies, practices and customs alleged in the paragraphs above.  Despite having

9 knowledge as stated above these defendants condoned, tolerated and through actions

10 and inactions thereby ratified such policies.  Said defendants also acted with

11 deliberate indifference to the foreseeable effects and consequences of these policies

12 with respect to the constitutional rights of DECEDENT, Plaintiffs, and other

13 individuals similarly situated.

14      54.    By perpetrating, sanctioning, tolerating and ratifying the outrageous

15 conduct and other wrongful acts, Defendants DOES 3-10, acted with an intentional,

16 reckless, and callous disregard for the life of Decedent, and DECEDENT's and

17 Plaintiffs' constitutional rights.  Defendants DOES 3-10, each of their actions were

18 willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and

19 unconscionable to any person of normal sensibilities.

20      55.    Furthermore, the policies, practices, and customs implemented and

21 maintained and still tolerated by Defendants DOES 3-10, were affirmatively linked

22 to and were a significantly influential force behind the injuries of DECEDENT and

23 Plaintiffs.

24      56.    By reason of the aforementioned acts and omissions of Defendants

25 DOES 3-10, Plaintiffs were caused to incur funeral and related burial expenses, and

26 loss of financial support.

27

28

57.     By reason of the aforementioned acts and omissions of Defendants DOES 3-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

58.     Accordingly, Defendants DOES 3-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

59.     Plaintiffs seek both wrongful death and survival damages under this claim.

## FIFTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(Against Defendants DOES 1-2 and COUNTY)

60.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

61.     DOES 1-2, while working as Sheriffs' Deputies for the COUNTY Sheriffs' Department, and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. DOES 1-2 also detained DECEDENT without reasonable suspicion. There was an attempt to arrest the DECEDENT without probable cause.

62.     DECEDENT did not knowingly or voluntarily consent.

63.     The conduct of DOES 1-2 was a substantial factor in causing the harm of DECEDENT.

64.     COUNTY is vicariously liable for the wrongful acts of DOES 1-2 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

65. The conduct of DOES 1-2 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

66. Plaintiff EVA GUTIERREZ is seeking both survival and wrongful death damages under this claim.

67. Plaintiff DIONICIO GUTIERREZ is seeking both survival and wrongful death damages under this claim.

## SIXTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Wrongful Death)

(Against Defendants DOE 1 and COUNTY)

68. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

69. DOE 1, while working as a Sheriffs' Deputy for the COUNTY Sheriffs' Department, and acting within the course and scope of his duties, intentionally shot DECEDENT multiple times. As a result of the actions of DOE 1, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity. DOE 1 had no legal justification for using force against DECEDENT and said defendant's use of force while carrying out his deputy duties was an unreasonable use of force.

70. As a direct and proximate result of defendant's conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also are claiming funeral and burial expenses and a loss of financial support.

-13-

71.    COUNTY is vicariously liable for the wrongful acts of DOE 1 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

72.    The conduct of DOE 1 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages.

73.    Plaintiffs are seeking wrongful death damages and survival damages under this claim.

## SEVENTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

(Against All Defendants)

74.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

75.    The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

(a)    the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b)    the negligent tactics and handling of the situation with DECEDENT;

(c)    the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d)    the failure to provide prompt medical care to DECEDENT;

(e)    the failure to properly train and supervise employees, both profession and non-professional, including DOES 1-2;

-14-

(f)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)    the negligent handling of evidence and witnesses.

76.    As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also are claiming funeral and burial expenses and a loss of financial support.

77.    COUNTY is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

78.    The conduct of DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

79.    Plaintiffs are seeking wrongful death damages and survival damages under this claim.

# EIGHTH CLAIM FOR RELIEF

## Violation of Bane Act (Cal. Civil Code § 51.7 and California Common Law)

(Against All Defendants)

80.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 78 of this Complaint with the same force and effect as if fully set forth herein.

81.   DOES 1-2, while working as Sheriffs' Deputies for the COUNTY sheriffs' department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of DECEDENT, EVA GUTIERREZ, and DIONICIO GUTIERREZ to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

82.   DECEDENT, EVA GUTIERREZ, and DIONICIO GUTIERREZ reasonably believed that if they exercised their rights, DOES 1-2 would commit acts involving violence, threats, coercion, or intimidation against them or their property.

83.   DOES 1-2 injured DECEDENT, EVA GUTIERREZ, and DIONICIO GUTIERREZ, to prevent DECEDENT, EVA GUTIERREZ, and DIONICIO GUTIERREZ from exercising their rights or retaliate against DECEDENT, EVA GUTIERREZ, and DIONICIO GUTIERREZ for having exercised their rights.

84.   DECEDENT was caused to suffer severe pain and suffering and ultimately died. EVA GUTIERREZ, and DIONICIO GUTIERREZ suffered severe mental anguish and pain and have been injured in mind and body. EVA GUTIERREZ, and DIONICIO GUTIERREZ have been deprived of the life-long comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs incurred funeral and burial expenses, medical expenses, and loss of financial support.

85.     The conduct of DOES 1-2 was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT, EVA GUTIERREZ, and DIONICIO GUTIERREZ.

86.     COUNTY is vicariously liable for the wrongful acts of DOES 1-2 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

87.     The conduct of DOES 1-2 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, EVA GUTIERREZ, and DIONICIO GUTIERREZ entitling Plaintiffs to an award of exemplary and punitive damages.

88.     Plaintiffs seek wrongful death and survival damages under this claim.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants City of Anaheim, and Does 1-10, inclusive, as follows:

A.     For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.     For funeral and burial expenses, and loss of financial support;

C.     For punitive damages against the individual defendants in an amount to be proven at trial;

D.     For interest;

E.     For reasonable costs of this suit and attorneys' fees; and

F.     For such further other relief as the Court may deem just, proper, and appropriate.

DATED: October 7, 2010          LAW OFFICES OF DALE K. GALIPO

By _____
Dale K. Galipo
Attorneys for Plaintiffs

-19-

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED:  October 7, 2010            LAW OFFICES OF DALE K. GALIPO

By
Dale K. Galipo
Attorneys for Plaintiffs

-20-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV10- 7608 PSG (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| **EVA GUTIERREZ; and DIONICIO GUTIERREZ** | **COUNTY OF LOS ANGELES, and DOES 1-10, inclusive** |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Dale K. Galipo, Esq. (CA SBN: 144074) | Unknown |
| LAW OFFICES OF DALE K. GALIPO | |
| 21800 Burbank Boulevard, Suite 310 | |
| Woodland Hills, CA 91367 | |
| (818) 347-3333 / dalekgalipo@yahoo.com | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No  ☒ MONEY DEMANDED IN COMPLAINT: $ To Be Determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unreasonable Search and Seizure- Detention and Arrest (42 USC § 1983); Unreasonable Search and Seizure- Excessive Force and Denial of Medical Care (42 USC § 1983); Substantive Due Process (42 USC §§ 1983 and 1985) Municipal Liability for Unconstitutional Custom, Practice or Policy (42 USC § 1983); False Arrest/False Imprisonment; Battery; Negligence; and Violation of Bane Act (Cal. Civil Code § 51.7)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R.& Truck | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

*(☒ 320 Assault, Libel & Slander; ☒ 440 Other Civil Rights)*

| FOR OFFICE USE ONLY: | Case Number: | CV10 7608 |
|---|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| **COUNTY OF LOS ANGELES** | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| **COUNTY OF LOS ANGELES** | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| **COUNTY OF LOS ANGELES** | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):   *Dale W. Galipo /per JCF*          Date   10/12/2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |